JOHN W. BROWN

*v.*

PAUL COON.

36   243
68a  613
36   243
j202 186

1. HOMESTEAD RIGHT — *how lost by acts in pais.* The plaintiff below sold his homestead, and conveyed it by deed executed by himself and wife. The deed did not release the homestead under the statute, but the grantors gave the grantee possession. The grantee afterwards sold and conveyed to the defendant below, and gave him possession. The plaintiff then brought ejectment to recover the premises. *Held,* That the homestead right was lost by the abandonment of possession to the plaintiff's grantee, as completely as if there had been a relinquishment in the form required by the statute.

**2.** CASES EXPLAINED. The cases of *Patterson* v. *Kreig*, 29 Ill. 518, and *Best* v. *Allen*, 30 Ill. 30, commented upon and explained.

**3.** HOMESTEAD. A deed may be inoperative as to homestead rights, without being absolutely void, and a deed of the homestead is not necessarily void because it does not contain the statutory waiver.

**4.** SAME. The rights of infant children in the homestead are under the control of the parents during the joint life of the latter.

**5.** SAME. *Semble*, that the homestead can be transferred and held by the grantee, discharged of the lien of a prior judgment.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of ejectment brought by the plaintiff in error against the defendant in error, at the March term, 1864, of the Circuit Court of Marion county, to recover certain premises which had formerly been the homestead of the plaintiff. The facts appear in the opinion of the court.

Messrs. PETERS & SMITH, for the Plaintiff in Error.

The purported conveyance from plaintiff and wife to Belden, under which the defendant claims title, is a nullity, and conveyed no title whatever to Belden, and of course Belden could convey none to the defendant; and the plaintiff having established a perfect title in himself, and his purported deed to Belden being void, for the reason it was his homestead, and the homestead had not been released or waived in any way therein, the plaintiff was entitled to recover the said premises.    29 Ill. 518; 30 Ill. 35.

Plaintiff's removal from the premises could not make such purported deed a conveyance, when the Supreme Court has decided such purported deed to be a nullity — and without said deed operates as a conveyance, the title to the premises was perfect in the plaintiff, and the defendant had no title whatever.

Messrs. O'MELVENY & MERRITT, for the Defendant in Error.

1. The statute exempting homesteads from forced sale, and the amendment thereto, ought not to be made an instrument of

injustice and fraud.    Here in this case Brown and wife made a
deed in fee simple, in exchange for other land, to the grantor of
defendant, Coon.    The plaintiff in error and wife removed from
the premises so conveyed, and made their home elsewhere, and
this grantor entered upon these lands, and while in possession
sold and conveyed to the defendant, Coon, who now occupies
the same as his homestead, having enhanced them by his labor
and improvements.    Shall Brown recover ? his wife is not a
party to this suit.

2.    The plaintiff, Brown, abandoned the homestead, removed
his family from it, occupied another, and therefore cannot be
allowed to eject the defendant from the premises.    *Hoskins* v.
*Litchfield and Wife*, 31 Ill. 144.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment brought by the plaintiff in error
against the defendant in error, and submitted to the court below,
on the following state of facts.    In 1863, the plaintiff, being then
the owner of the premises in controversy, and occupying them
as his homestead, conveyed them by deed, executed by himself
and wife, to one Belden.    The deed contained no release of the
homestead, either in its body or acknowledgment.    After the
execution of the deed, the grantor removed from the house with
his family, and gave possession to said Belden, who moved in
and occupied the same until he (Belden) sold and conveyed to
the defendant in error, when the latter succeeded to his posses-
sion.    The property was not worth one thousand dollars.    On
this evidence, the court found for the defendant below, and the
plaintiff below now brings the case here.

The naked question is presented in this case, whether the
owner of real estate, occupied by himself and family as a home-
stead, can sell and convey the same for a fair consideration,
receive the purchase-money, deliver possession to the vendee,
and then turn round, bring an action of ejectment and recover
back the property.    If this be indeed the law, let it be so
declared, but before the court can be induced to adopt a rule

which violates conscience, destroys good faith, and makes the most solemn business transactions of men but a cover for the most shameless fraud, we must be constrained by the will of the legislature, expressed with irresistible clearness, or by a series of adjudications that have ripened into established law. The Homestead Act is no doubt a piece of wise and benignant legislation. Viewing it in that light we have given it a liberal construction. But at the same time it is to be remembered that a homestead right is not the only right which courts regard, and that there are rules of law which they will not overturn, merely because they are invoked to do so in the name of homestead protection.

The counsel for the plaintiff relies on the cases of *Patterson* v. *Kreig*, 29 Ill. 518, and *Best* v. *Allen*, 30 Ill. 30, in support of his position that the deed in this case was an absolute nullity for all purposes whatever, and therefore, the title to the premises never having passed from the plaintiff, he was able to maintain this action. These are the only cases giving any color to this position.

It is a familiar rule of criticism in regard to judicial decisions, that their authority arises from what the court *decides* in reference to the facts before it, rather than from what the judge who delivers the opinion may say in illustration and support of the ruling of the bench. When it is remembered that judges are often obliged to write a hundred opinions *per annum*, they would be more than human, if they did not occasionally use expressions of a general character, which, while perfectly true in regard to the case before them, are at the same time incorrect when pushed to extremes or applied to a totally different state of facts. The very learned judge (Ch. J. CATON) who wrote the opinions in the cases above cited, was little liable to this error. In the many hundred pages from his pen which illustrate our Reports there are few instances in which the generality of the expression needs to be qualified and limited by the nature of the facts. But it cannot be denied that the language of the opinions, in the cases cited, in regard to the invalidity of deeds like that now before the court, is too general and

sweeping. We at least so consider it, and while we are still of opinion that the deeds in those cases were *inoperative*, as regarded the homestead rights, they were not absolutely void, for all purposes whatever. We have already decided in *Boyd* v. *Cudderbach*, 31 Ill. 113, and *Smith* v. *Miller*, 31 Ill. 157, that where the value of the premises exceeds one thousand dollars, a mortgage upon them is good for the excess, though the homestead right does not pass by the deed. An action of ejectment, it is true, cannot be maintained upon such a deed or mortgage, until the homestead has been, in some proper manner, set apart, but the instrument conveying it is not void simply because there is no relinquishment of the homestead in the manner pointed out by the act. The above quoted case of *Patterson* v. *Kreig*, 29 Ill. 518, upon which the chief reliance is placed by the counsel for the plaintiff, was a case of this character — an ejectment brought by a mortgagee. It does not appear from the report that there was any evidence as to the value of the premises, nor was it material. If they were worth less than one thousand dollars the mortgage was practically inoperative for any form of action, so long as the mortgagor should choose to assert his homestead rights. If they were worth more than one thousand dollars, although the mortgage was at once operative for the surplus, yet it could not be enforced by ejectment until the homestead had been set off, as the court in that action, could not determine how far the homestead right would extend. The other case of *Best* v. *Allen*, 30 Ill. 30, cited by plaintiff, merely decides that the possession of the mortgagor of a homestead where there has been no waiver, cannot be entered upon by the mortgagee, without process of law.

We think what has been said shows, that there is nothing, in the previous decisions of the court, which requires us to hold that a conveyance of the homestead without the statutory waiver, is for all purposes, absolutely void.

What then, under the statute, is the effect of an absolute conveyance of a homestead, without waiver of the homestead right, being less than one thousand dollars in value, and the actual possession at once delivered to the grantee?

It has been assumed by this court, as a proposition hardly requiring argument, in all the cases where the question has been touched, that the homestead right is lost by a voluntary abandonment, without the *animus revertendi.* Although we have held that the infant children have rights in the homestead, yet these rights must necessarily be under the control of the parents during the joint life of the latter. That a continuing occupancy is necessary to the preservation of the homestead right was held in *Walters* v. *The People,* 18 Ill. 199, and *Kitchell* v. *Burgwin,* 21 Ill. 45. This view is in entire harmony with both the letter and spirit of the act, as the right wholly arises from the fact of occupancy. It is true we have decided, in *Green* v. *Marks,* 25 Ill. 221, and *Bliss* v. *Clark, post,* that the homestead owner may, by deed executed by himself and wife in conformity with the statute, transfer the premises, discharged from any incumbrance arising from a prior judgment. Only by recognizing this *jus disponendi,* can the homestead be clothed with its full value to the owner. But this principle is not at all in conflict with the rule that the right is lost by voluntary abandonment. Where the homestead is conveyed, either with or without an express statutory relinquishment, and actual possession is given to the grantee, by the voluntary withdrawal of the husband and wife, the homestead *as to such grantee, and persons claiming under him, and in his and their favor,* is abandoned, but only as to them. As to third persons the homestead right cannot with any propriety be said to have been abandoned merely by being transferred. The owner has made such use of it as he deemed most to his advantage in order to procure for his family a more eligible home. But as to the grantee to whom the homestead owner and his wife have delivered the actual occupancy, under the deed, it is as much an abandonment as if the owner and his family had removed to Europe with the avowed intention of never returning, and had been lost on the outward voyage.

Here, then, we arrive at the true solution of this case. When the plaintiff made his deed it was not void, but remained inoperative, until the actual occupancy of the homestead was

transferred to the grantee. It then took effect as fully as if it had been executed in conformity with the requirements of the homestead law. Where the naked legal title to the fee was vested, intermediate the delivery of the deed and the delivery of possession of the premises, is a purely metaphysical speculation into which it is bootless to inquire. It is sufficient to say that the homestead was fairly sold, that the possession was voluntarily given up to the grantee, and that these facts create an estoppel *in pais*, against both husband and wife, which will forever debar them from asserting a homestead right, as against their grantee or persons claiming under him. Although a married woman may not be bound by the covenants in her deed, even by way of estoppel, yet in reference to the homestead right she may well be held estopped by her voluntary acts *in pais*, as completely as if she were *feme sole* — at least, to the extent of preventing the commission of a fraud.

<em>Judgment affirmed.</em>