SILAS A. GAUNT, Appellant, *vs.* JULIA A. STEVENS *et al.* Appellees.

*Opinion filed October 26, 1909.*

1. JOINT TENANCY—*joint tenancy defined.* A joint tenancy is where two or more persons have any subject of property, jointly, in which there is unity of interest, unity of title, unity of time and unity of possession.

2. SAME—*at common law, words of negation were necessary to avoid creating joint tenancy.* At common law a grant or devise to two or more persons without limitations created a joint tenancy, and words or circumstances of negation were necessary to avoid this result.

3. SAME—*survivorship is chief characteristic of joint tenancy.* The doctrine of survivorship is the chief characteristic of joint tenancy; but this doctrine is not in accordance with the spirit of our institutions, and hence in the United States this incident of estates has been abolished except in a few jurisdictions, and in those jurisdictions joint estates are much restricted by statutes.

4. SAME—*act of 1821 practically abolished joint estates in Illinois.* The act of January 15, 1821, which is now found as section 1 of chapter 76 of our statutes, (Hurd's Stat. 1908, p. 1296,) practically abolished joint tenancies in Illinois, except in case of estates held by executors, trustees or others *in autre droit.*

5. SAME—*act of 1827 permitted creation of joint estates by express words.* The act of January 31, 1827, which is now found without substantial change as section 5 of the Conveyances act, (Hurd's Stat. 1908, p. 489,) modifies the act of 1821 (now section 1 of chapter 76 of our statutes) to the extent of authorizing the creation of joint estates possessing common law qualities and incidents, where the words used clearly indicate an intention to create a joint tenancy and not a tenancy in common.

6. SAME—*words used must clearly show intention to create a joint tenancy.*  While it is not essential to the creation of a joint tenancy that the exact words of section 5 of the Conveyances act be used, yet the intention to create such estate must be so clearly expressed as to leave no reasonable doubt in the mind of the court of the purpose to create the estate.

7. SAME—*if a division is contemplated the estate is in common and not joint.*  If the instrument creating an estate contains language from which it can be reasonably inferred that the maker contemplated a division of the property among purchasers, or from which it can be seen that a distribution, either in equal or unequal shares, was intended, such language will be held to negative an intention to create a joint tenancy and the purchasers take as tenants in common.

8. WILLS—*when will creates a tenancy in common and not a joint tenancy.*  A clause of a will by which the testator devises and bequeaths the residue of his estate to his wife and two named daughters, "and to the survivor or survivors of them, share and share alike," creates a tenancy in common and not a joint tenancy, since the words "share and share alike" indicate a contemplated division of the estate among the devisees living at testator's death, which is inconsistent with the existence of a joint estate.

9. SAME—*what strengthens view that an estate created by will was not joint.*  The view that a clause of a will devising the residue of the testator's property to his widow and two named daughters, "and to the survivor or survivors of them, share and share alike," creates a tenancy in common and not a joint tenancy is strengthened by the fact that a previous clause of the will gave another daughter (the only married one) an estate for life in certain land with remainder to her children, share and share alike, and if she died without children the land should revert to the widow and the two other daughters "in equal proportion."

APPEAL from the Circuit Court of Hancock county; the Hon. R. J. GRIER, Judge, presiding.

SAMUEL NAYLOR, JR., and SCOTT J. MILLER, for appellant:

A devise to three persons, and to the survivor or survivors of them, share and share alike, is a devise absolute to the takers that are alive at the time of the death of the testator, and the words "survivor or survivors" refer to the

time of the death of the testator, and those living at the time of his death take a fee absolute. 2 Jarman on Wills, 721; Ramson on Wills, sec. 4, p. 209; sec. 6, p. 210; *Summers* v. *Smith,* 127 Ill. 645; *Convey* v. *McLaughlin,* 148 Mass. 576; *In re Morgan,* 118 Wis. 177.

Words of survivorship are regarded as intended to provide against the death of the takers of the gift in the lifetime of the testator, and refer to his death. 30 Am. & Eng. Ency. of Law, 808; *Davis* v. *Davis,* 118 N. Y. 411.

Where the testator does not name a point of time, the words "survivor or survivors" must be presumed to refer to the time from which the will speaks; the time when his will takes effect; the time of his own death; and it is only when the language of the will manifestly requires a different construction that this rule does not apply. *Renner* v. *Williams,* 71 Ohio St. 340; *Lawrence* v. *McCarter,* 10 Ohio, 34; *Sinton* v. *Boyd,* 19 Ohio St. 30; *Kelley* v. *Kelley,* 61 N. Y. 47; *Goodwin* v. *McDonough,* 153 Mass. 481; *Blatchford* v. *Newberry,* 99 Ill. 47; *Robinson* v. *Jones,* 222 Pa. 56.

Clause 4 of the will does not create an estate in joint tenancy. A joint tenancy cannot, under the laws of the State of Illinois, be created unless expressly declared. *Mittel* v. *Karl,* 133 Ill. 66; *Slater* v. *Gruger,* 165 id. 329; *Mustain* v. *Gardner,* 203 id. 284; Hurd's Stat. chap. 30, par. 5.

O'HARRA & O'HARRA, D. E. MACK, and GEORGE V. HELFRICH, for appellees:

An estate in joint tenancy may be created under the laws of this State by the use of apt language, and the only effect of section 1 of chapter 76 and section 5 of chapter 30 of the Revised Statutes is to change the common law presumption (where the intention is not expressed) that a devise to two or more persons, without adding explanatory words, creates a joint tenancy instead of a tenancy in com-

mon.   Under said statutes, and the decisions thereunder, this presumption is precisely reversed.   *Mette* v. *Feltgen,* 148 Ill. 357; *Mittel* v. *Karl,* 133 id. 65.

The exact language of the statute need not be used to create a joint tenancy, provided the intention to create that estate clearly appears.   *Cover* v. *James,* 217 Ill. 309; *Slater* v. *Gruger,* 165 id. 329.

The language, "I devise to A B, C D and E F, and to the survivor or survivors of them, share and share alike," is apt language to create the estate of joint tenancy.   2 Jones on Real Prop. sec. 1786; *Stimpson* v. *Botterman,* 5 Cush. 153; *Mittel* v. *Karl,* 133 Ill. 65; *Mette* v. *Feltgen,* 148 id. 357; *Gannon* v. *Peterson,* 193 id. 372; *Slater* v. *Gruger,* 165 id. 329; *Mustain* v. *Gardner,* 203 id. 284; *Cover* v. *James,* 217 id. 309; *Clark* v. *Clark,* 2 Vern. Eng. Ch. 323; *Baker* v. *Giles,* 9 Mad. 157.

If a devise imparts the quality of survivorship to the estate devised the estate is a joint tenancy.   The quality of survivorship is the distinguishing feature of the estate of joint tenancy.   *Mustain* v. *Gardner,* 203 Ill. 284; *Mette* v. *Feltgen,* 148 id. 369; 4 Kent's Com. 360.

It is immaterial in this case whether the language of the fourth clause of the will creates a joint tenancy or a life estate in the first takers with contingent remainder to the survivor.   In either case the survivor takes the whole property upon the death of the other two.   *Mittel* v. *Karl,* 133 Ill. 65.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a bill for partition filed by Silas A. Gaunt in the circuit court of Hancock county for the partition of certain real estate of which John D. Stevens died seized. John D. Stevens departed this life January 3, 1894, leaving a last will, which was duly probated in the county court of Hancock county on January 15, 1894.   The only ques-

tion involved in this case concerns the construction to be given to the fourth clause of the will, which is as follows:

"All the rest and residue of my estate, of every nature, kind and description, not hereinbefore devised and bequeathed, I devise and bequeath to my said wife, Julia A., and my two daughters Leonia M. and Almira A., and to the survivor or survivors of them, share and share alike."

The bill alleges that at the time of his death John D. Stevens left surviving him his widow, Julia A., and three daughters, Leonia M., Almira A. Stevens and Clara B. Jackson. In 1898 Leonia M. married appellant, Silas A. Gaunt. Leonia M. Gaunt (*nee* Stevens) died in 1904, intestate, leaving no child or children, but leaving her husband, mother and sisters as her only heirs-at-law. The bill is based on the theory that the fourth clause of the will quoted above created the relation of tenants in common between the widow and the two daughters named in the said fourth clause. A demurrer was sustained to the bill in the court below, and the complainant electing to stand by his bill, the same was dismissed for want of equity.

It is conceded by appellant that if the fourth clause of the will creates a joint tenancy in the devisees therein mentioned he has no interest in the lands described in the bill. Appellees contend that under the fourth clause of the will Leonia M. Gaunt did not take an estate of inheritance as tenant in common with Julia A. and Almira A. Stevens, as is alleged in said bill, but that whatever estate was created in her terminated at her death.

A joint tenancy is where two or more persons have any subject of property, jointly, in which there is unity of interest, unity of title, unity of time and unity of possession. (2 Blackstone's Com. 180.) At common law a grant or devise to two or more persons without limitations created a joint tenancy. (*Aveling* v. *Knipe,* 19 Ves. 441; Freeman on Co-tenancy, sec. 118.) Words or circumstances of negation were necessary to avoid this result.

The chief characteristic of joint estates is the doctrine of survivorship. (2 Blackstone's Com. 184.) The doctrine of survivorship is not in accordance with the genius of our institutions, hence this incident of estates has been generally abolished in the United States except in a few instances, and in those jurisdictions where joint estates are still recognized they are very much restricted by statutes. *Burnett* v. *Pratt,* 22 Pick. 557; Warvelle on Abstracts of Title, sec. 247.

As early as January 15, 1821, the General Assembly of this State passed an act "concerning the partition and joint rights and obligations," section 2 of which is as follows: "That if partition be not made between joint tenants, the parts of those who die first shall not accrue to the survivor or survivors, but descend or pass by devise, and shall be subject to debts, dower, charges, etc., or transmissible to executors or administrators, and be considered, to every intent and purpose, in the same view as if such deceased joint tenants had been tenants in common." The effect of this statute was to practically abolish joint tenancies, except where such estates were held by executors, trustees or others holding estates *in autre droit.* (*Mette* v. *Feltgen,* 148 Ill. 357.) This statute has never been expressly repealed but has been retained in all of the revisions of our statutes, and is now found as section 1 of chapter 76 of Hurd's Revised Statutes of 1908. Afterwards, on January 31, 1827, the General Assembly passed an act "concerning conveyances of real property," section 5 of which is as follows: "No estate in joint tenancy, in any lands, tenements or hereditaments, shall be held or claimed under any grant, devise or conveyance whatever, heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy; and every such estate, other than to executors or

trustees, (unless otherwise expressly declared as aforesaid,) shall be deemed to be a tenancy in common." This section of the act of 1827 has been re-enacted in all of the revisions of our statutes, and is now found, without substantial change, as section 5 of our present act concerning conveyances.

This court decided in *Mette* v. *Feltgen, supra,* that section 5 of the act of 1827 so far repealed, by implication, section 2 of the act of 1821 as to authorize the creation of joint estates possessing the qualities and incidents which the common law attaches to them, where the language of section 5 of the Conveyance act, or other equivalent words, are used clearly indicating an intention to create a joint tenancy. In other words, the effect of section 5 of the act of 1827 was to reverse the common law rule, so that a conveyance to two or more persons creates the relation of tenants in common unless the intention to vest a joint estate is clearly manifested, as provided by section 5 of the act of 1827. The holding in the *Feltgen case* is now the established doctrine in this State. *Slater* v. *Gruger,* 165 Ill. 329; *Cover* v. *James,* 217 id. 309.

While it is settled that the exact words of the statute need not be used in the instrument, yet the unfavorable disposition of the legislature toward joint estates has influenced this court in establishing the rule that the intention to create such estate must be so clearly expressed as to leave no reasonable doubt in the mind of the court of the purpose to create such estate. If the instrument contains language from which it can reasonably be inferred that the maker contemplated a division of the property among the purchasers, or from which it can be seen that a distribution, either in equal or unequal shares, was intended, such language will be held to negative an intention to create an estate in joint tenancy and the purchasers will take as tenants in common. (Freeman on Co-tenancy, sec. 23.) In *Mittel* v. *Karl,* 133 Ill. 65, this court held that

the language, "convey and warrant to Maria Jobst and
Michael Jobst, her husband, and the survivor of them, in
his or her own right," did not create a joint tenancy un-
der our statute. In discussing this question on page 70 it
was said: "But aside from this, it will be observed that
our statute in plain language declares that no estate in joint
tenancy shall be held or claimed unless the premises shall
expressly be thereby declared to pass, not in tenancy in
common, but in joint tenancy. The deed in question con-
tains no such declaration. It provides for a survivorship,
it is true, which is regarded as one characteristic of a joint
tenancy; but the declaration which the statute requires to
establish the estate is nowhere found in the deed, and in
the absence of such a declaration we are inclined to hold
that the estate was not created." This language may be
regarded as somewhat in conflict with the final conclusion
reached in that case. However this may be, we think there
is no doubt of the soundness of the conclusion that a joint
estate was not created by the deed involved in that case.

The only language of the fourth clause of the will now
under consideration that gives any color to the claim that
a joint estate was intended are the words, "to the survivor
or survivors of them." Whether these words, if unlimited
in any way, would be sufficient to create a joint tenancy
we are not called upon to decide, since in our opinion the
words "share and share alike," which immediately follow
the words of survivorship, clearly indicate that the testator
intended that there should be an equal division between
such of the devisees as might be living at his death, which
division is inconsistent with the existence of a joint estate.

Our conclusion is, that the fourth clause of the will cre-
ated the relation of tenants in common between the devi-
sees mentioned in said clause. This conclusion is strength-
ened by a consideration of the third clause of the will. By
that clause the testator devised to another daughter, Clara.
B. Jackson, for and during her natural life, certain real

estate, which at her death was to go to the heirs of her body in fee, share and share alike, and it was provided that if Clara B. should die without issue or descendants of children then living, then such real estate was to revert in fee to the wife, Julia A., and the two daughters mentioned in clause 4, or the survivors of them, in equal proportions. It will be seen that by the third clause of the will the testator made a provision for the children of his only married daughter by giving them the fee in the real estate which was devised to their mother for her natural life. It is neither reasonable nor natural that the testator would thus provide for his grandchildren, the issue of one daughter, and by the next clause of his will so devise the residue of his estate as to cut off the children of one, and possibly both, of the other daughters. Again, it will be observed that the devise over in clause 3 to the devisees mentioned in clause 4 is in fee, in "equal proportion." It cannot reasonably be contended that the contingent remainder thus given to the wife and the two daughters under clause 3 is a joint estate. It is difficult to believe that the testator would attempt to give the same devisees one part of his estate as tenants in common in fee and another part to the same devisees in joint tenancy.

It follows from the foregoing views that the decree sustaining the demurrer and dismissing the bill is erroneous and will have to be reversed.

The decree of the circuit court of Hancock county is reversed and the cause remanded to that court, with the directions to overrule the demurrer and proceed with the case in accordance with the views herein expressed.

*Reversed and remanded, with directions.*