ANTON STUKIS, Appellee, *vs.* MARY STUKIS *et al.*—(HATTIE BURLEW *et al.* Appellants.)

*Opinion filed February 17, 1925.*

1. DEEDS—*intention to create joint tenancy need not be stated in particular words.* The Illinois statute changing the common law rule as to creating a joint tenancy by deed requires only that the language used shall clearly show that the premises are not to pass in tenancy in common but in joint tenancy; but the statute does not require any particular words to express such intention nor that they shall appear in any particular part of the deed.

2. SAME—*when grant is of a fee simple estate.* A grant of land to the "party of the second part, their heirs and assigns," is a grant of a fee simple estate, whether the persons referred to as party of the second part take as tenants in common or joint tenants.

3. SAME—*when a deed creates a joint tenancy.* Where a deed recites that it is an indenture between named persons, party of the first part, and "Rudolph Perlick and Henrietta Perlick, his wife, as joint tenants and not as tenants in common, * * * party of the second part," and then conveys the land described to "said party of the second part, their heirs and assigns," the *habendum* also being to "said party of the second part, their heirs and assigns," an estate in joint tenancy is created. (*Baulos* v. *Ash,* 19 Ill. 187, distinguished.)

4. SAME—*recitals of deed may be referred to to arrive at grantor's intention.* The recitals in a deed may be referred to for the purpose of arriving at the true intention, and the intention of the grantor, as disclosed by the whole deed, governs its construction.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

C. W. GREENFIELD, for appellants.

OTTO H. BEUTLER, and CLYDE C. FISHER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county entered a decree of partition on a bill filed by Anton Stukis against Mary Stukis and others, from which Hattie Burlew and Lillian Warn-

dorff, two of the defendants, have appealed. They claimed
to be the owners in fee each of one-eighth interest in the
premises, while the decree found that they had no interest
in them. The property was conveyed on April 7, 1885, by
Carl Edward Wagner and his wife to Rudolph Perlick and
Henrietta Perlick, his wife, the parents of the appellants,
by a deed in the following language:

. "This indenture, made this 7th day of April, 1885, between
Carl Edward Wagner and Catharina Wagner, his wife, of the city
of Chicago, in the county of Cook and State of Illinois, party of
the first part, and Rudolph Perlick and Henrietta Perlick, his wife,
as joint tenants and not as tenants in common, of the city of Chi-
cago, in the county of Cook and State of Illinois, party of the
second part:

"*Witnesseth,* That the said party of the first part, for and in
consideration of the sum of $6350 in hand paid by the said party
of the second part, the receipt whereof is hereby acknowledged
and the said party of the second part forever released and dis-
charged therefrom, have granted, bargained, sold, remised, re-
leased, conveyed, aliened and confirmed, and by these presents do
grant, bargain, sell, remise, release, convey, alien and confirm,
unto the said party of the second part, their heirs and assigns for-
ever, all the following described lots, pieces or parcel of land situ-
ated in the county of Cook and State of Illinois, and known and
described as follows, to-wit: Sub-lots 4 and 5 in lot 2 in block 38
in Canal Trustees' subdivision of the west one-half, and that part
of southeast quarter west of river of section 21, township 39, north
of range 14, east of the third principal meridian. To have and
to hold the said premises above bargained and described, with the
appurtenances, unto the said party of the second part, their heirs
and assigns, forever."

Covenants of seizin, against encumbrances and of gen-
eral warranty followed. Perlick occupied the premises and
was living on them with his family when he died, on De-
cember 13, 1899. By his will he devised a half interest in
his estate to his wife and a fourth each to his two children,
the appellants, and directed that after his wife's death all
his property should revert to his children, the appellants.
On December 14, 1921, Mrs. Perlick, who had married
again and was then Mrs. Schoessow, conveyed the prem-
ises to Anton Stukis and Mary Stukis as joint tenants.

The appellants' claim is that the Wagner deed conveyed the premises to Rudolph and Henrietta Perlick as tenants in common and that their father's will devised to each of them one-fourth of his one-half of the premises, while the appellee claims that the deed conveyed to the elder Perlicks a joint estate, which upon the death of Rudolph passed to Henrietta, whose deed conveyed the premises in fee to the complainants.

At common law a conveyance to two or more persons was deemed to create a joint tenancy, and words or circumstances of negation were necessary to avoid creating a joint tenancy by such a conveyance. At the date of the Wagner deed section 5 of chapter 30 of the Revised Statutes of 1874, which was first passed in 1827, was in force, the effect of which was to reverse this rule of the common law, so that at the time the deed was executed a conveyance to more than one person created an estate in common in the grantees unless the premises were expressly declared to pass not in tenancy in common but in joint tenancy. (*Gaunt* v. *Stevens,* 241 Ill. 542; *Mette* v. *Feltgen,* 148 id. 357.) The only question for our consideration is, therefore, whether the language of the deed expressly declares the premises to pass not in tenancy in common but in joint tenancy. The use of those words is not essential. The statute requires only that the language shall clearly show that the premises are not to pass in tenancy in common and that the purpose of the deed is to create an estate in joint tenancy. The particular words in which the intention is expressed are not important. *Slater* v. *Gruger,* 165 Ill. 329; *Cover* v. *James,* 217 id. 309; *Mustain* v. *Gardner,* 203 id. 284; *Cooper* v. *Martin,* 308 id. 224; *Gaunt* v. *Stevens, supra.*

There can be no doubt of the intention expressed by the language of the deed. The grantees are described as joint tenants and not as tenants in common. If the words "joint tenants" are not sufficiently clear and explicit to indicate without doubt the purpose to create an estate in joint ten-

ancy, the words "and not as tenants in common" remove all question as to the intention. The statute does not require the declaration that the premises shall pass not in tenancy in common but in joint tenancy to appear in any particular part of the conveyance. Wherever it appears it will be sufficient if it unmistakably declares the purpose. The grant was of an estate in fee simple, whether in joint tenancy or in tenancy in common. It was to the party of the second part, their heirs and assigns. The party of the second part was stated to be Rudolph Perlick and Henrietta Perlick as joint tenants and not as tenants in common. The reference back to the party of the second part thus described shows an obvious intention that the grantees should take as joint tenants.

Because the granting clause is "to the party of the second part, their heirs and assigns," and the *habendum* is the same, the appellants invoke the recognized rule that the portions of a deed operative to limit and define the estate are the granting clause and the *habendum* clause, and that if there is a repugnancy between them the granting clause governs. It is argued that the grant is to Rudolph and Henrietta Perlick, their heirs and assigns, and the character and effect of the deed are to be determined without reference to the words "as joint tenants and not as tenants in common." The rule referred to declares that where the granting clause of a deed has declared the estate granted, provisions of the *habendum* or other clauses of the deed can not divest or control the estate granted but so far as they are repugnant to it are void. It has no application here, because the words "as joint tenants and not as tenants in common" are not repugnant to the grant to the "party of the second part, their heirs and assigns." This grant is of a fee simple, and the grantees, who are described only by reference as "Rudolph Perlick and Henrietta Perlick, as joint tenants and not tenants in common," take an estate in fee simple, whether they take in joint tenancy or tenancy

in common. The recitals in the deed may be referred to for the purpose of arriving at the true intention, and the intention of the grantor, as disclosed by the deed as a whole, must govern its construction.

The appellants insist that the words "as joint tenants and not as tenants in common" are merely descriptive of the persons, and the grant to the "party of the second part, their heirs and assigns," is a grant to the persons named, only, and the words "as joint tenants and not as tenants in common" in no manner affect the construction of the deed. They cite *Baulos* v. *Ash,* 19 Ill. 187, in support of this position. The answer to this contention is, that the further description, "and the heirs of her body," following the name "Amanda V. Ash" in the description of the party of the second part, was inconsistent with the granting clause, which was to "the said party of the second part, her heirs and assigns," both in respect to the grantee and the nature of the estate. This answer was made to a similar contention in *Slater* v. *Gruger, supra.* It was further held that the words used in the granting clause were those proper to be used in creating an estate in joint tenancy, provided the deed also contained the declaration required by the statute. "The only change," it was said, "from the common law method of conveying the premises made by the statute is, that the deed shall declare that the premises pass, not in tenancy in common but in joint tenancy. If that statute is sufficiently complied with, there is nothing inconsistent with such an estate in the words employed in the granting clause."

The deed in question conveyed an estate in joint tenancy. The decree was right and will be affirmed.

*Decree affirmed.*