ANDRÉS DELGADO BERRÍOS, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 985. Submitted March 10, 1937.—Decided March 19, 1937.

*Willis A. Ramos Vázquez* for appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Ernesto Collazo Rodríguez and his wife conveyed on December 8, 1936, a certain house and lot for a consideration of $1,000 and together therewith their estate of homestead in the said property for a consideration of $500. A registrar of property refused to record a deed for want of jurisdictional authorization because the property was re-

corded as the homestead of the vendors and of their minor children.

In a notarial instrument, dated May 20, 1935, Collazo and his wife stated that they had established their residence and that of their children in the house and had thereby converted the same into a homestead for themselves ''and for the benefit of their children.'' They expressed their desire that upon the death of either of them the homestead should remain for the benefit of the surviving spouse and that after the death of both the same should remain for the benefit of the children. In the same instrument they requested that the property should be recorded as the homestead of themselves and of their children ''in accordance with the provisions of section 541 *et seq.* of the Civil Code.''

Section 1 of the Homestead Law, now section 541 of the Civil Code (1930 ed.), provides that:

''Every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence.''

Section 2 (Civil Code section 542, 1930 ed.) says that:

''Such exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continue to occupy such homestead, and after the death of both husband and wife, for the benefit of their children, until the youngest child shall become twenty-one years of age.''

During the lifetime of the parents the children have no estate in the land. The language of the instrument strongly negatives the idea of any intention to convey or to confer upon the children any such interest. A request that the property should be recorded as the homestead of the parents and of their children ''in accordance with the provisions of section 541 *et seq.* of the Civil Code'' did not confer upon the children any greater right, title or interest than that al-

ready conferred upon them by law. The recording of the property in accordance with such a request did not operate any change in the title.

Our Homestead Law differs from that of California and from that of some other states. The Illinois cases cited by the registrar do not go as far as he would have us go. They are: *Zachman* v. *Zachman,* 201 Ill. Rep. 380; *McGee et al.* v. *McGee et al.,* 91 Ill. 548; *Best et al.* v. *Jenks et al.,* 123 Ill. 447; *In Re Brown,* 204 Ill. A. 596 and *Gaunt* v. *Stevens,* 241 Ill. 542, 89 N. E. 812. See also 13 R.C.L. 622, section 82; 56 L.R.A. 33; *Brown* v. *Coon,* 36 Ill. 243, 85 Am. Dec. 402.

Any question of amendment is for the legislature, not for the courts.

The ruling appealed from must be reversed.