ANDRÉS DELGADO BERRÍOS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

Núm. 985.—*Sometido:* Marzo 10, 1937. *Resuelto:* Marzo 19, 1937.

*Willis A. Ramos Vázquez,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

██ Ernesto Collazo Rodríguez y su esposa vendieron en diciembre 8 de 1936 cierta casa y solar por la suma de mil dólares y junto con ellos su derecho de hogar seguro en dicha propiedad por la suma de quinientos dólares. El Registrador se negó a inscribir la escritura por falta de autorización jurisdiccional, toda vez que la finca se hallaba inscrita como el hogar seguro de los vendedores y de sus hijos menores de edad.

En una escritura notarial fechada 20 de mayo de 1935 Collazo y su esposa hicieron constar que habían establecido su residencia y la de sus hijos en dicha casa y que la habían convertido en el hogar seguro de ellos y "en beneficio de los hijos habidos en el matrimonio." Expresaron su deseo de que a la muerte de cualquiera de ellos el derecho de hogar seguro quedara a beneficio del cónyuge superviviente y después de la muerte de ambos quedara dicho derecho a beneficio de sus hijos. En la misma escritura solicitaban se inscribiera la propiedad como el hogar seguro de ellos y de sus hijos, "a tenor de lo dispuesto en los artículos 541 y siguientes del Código Civil."

La sección 1 de la Ley de Hogar Seguro, que figura ahora como el artículo 541 del Código Civil, edición de 1930, provee:

"Todo jefe de familia, que tenga familia, tendrá derecho a una finca de hogar seguro, hasta el valor de quinientos dólares, en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como su residencia. . . . "

La sección 2 (artículo 542 del Código Civil, edición de 1930) dispone:

"Dicha exención continuará después de la muerte del jefe de familia, a beneficio del esposo o esposa superviviente, mientras él o ella continúe ocupando dicho hogar seguro, y después de la muerte de ambos, esto es, del esposo y de la esposa, a beneficio de sus hijos, hasta que el menor de éstos haya llegado a la edad de veinte y un años. . . ."

En vida de los padres los hijos no tienen interés (*estate*) alguno en la finca. El contexto de la escritura milita fuertemente contra la existencia de una intención de transferir o de conferir a los hijos semejante interés. La solicitud de que se inscribiera la finca como el hogar seguro de los padres y de sus hijos "a tenor de lo dispuesto en los artículos 541 y siguientes del Código Civil," no confirió a estos últimos mayor derecho, título o interés que el conferídoles por la ley. La inscripción de la propiedad de conformidad con tal solicitud, no operaba como una carga contra el título.

Nuestra Ley de Hogar Seguro difiere de la de California y de la de otros Estados. Los casos de Illinois citados por el registrador no van tan lejos como desea él que vayamos. Éstos son: *Zachmann* v. *Zachmann*, 201 Ill. Rep. 380; *Mc Gee* v. *McGee*, 91 Ill. 548; *Best* v. *Jenks*, 123 Ill. 447; *In Re Brown*, 204 Ill. A. 596 y *Gaunt* v. *Stevens*, 241 Ill. 542, 89 N. E. 812. Véase también 13 R.C.L. 622, sección 82; 56 L. R.A. 33; *Brown* v. *Coon*, 36 Ill. 243, 85 Am. Dec. 402.

Cualquier cuestión relativa a una enmienda compete a la Legislatura, mas no a los tribunales.

*Debe revocarse la nota recurrida.*