MARY CATHERINE WALKER and LORETTA JANE WALKER, Infants, by Their Guardian *Ad Litem,* RAYMOND J. WALKER, v. CATHERINE MARIE NEWPORT DEPPE, WILLIAM DEPPE, EDWIN W. HALL, Executor of the Estate of JOHN H. NEWPORT, and RAYMOND J. WALKER, Appellants.—141 S. W. (2d) 783.

Division One, June 28, 1940.

*Erwin F. Vetter* for appellants.

*Dubinsky & Duggan* for respondents.

GANTT, J.—Action in partition. On August 30, 1920, John H. Newport, a widower, deeded certain real estate to his daughters Catherine and Hazel Newport, reserving a life estate. Thereafter Catherine married one Deppe, and Hazel married Raymond J. Walker. Hazel died July 2, 1926, survived by her husband and two daughters, Mary Catherine and Loretta Jane Walker. The daughters are the plaintiffs in this action. John H. Newport died May 2, 1934.

In substance the petition alleges that John H. Newport conveyed the property to Hazel and Catherine as tenants in common, and that on the death of Hazel, intestate, her husband Raymond J. Walker and her daughters Mary and Loretta Walker became the owners of an undivided one-half interest in fee in the property.

In substance the answer of Catherine Deppe alleges that John H. Newport conveyed the property to Hazel and Catherine as joint tenants, and that on the death of Hazel, the defendant Catherine Deppe became the owner in fee of the property.

The answer of Edwin W. Hall, executor of the estate of John H. Newport, deceased, alleges that said estate claims no interest in the property. Defendant Raymond J. Walker made default.

The trial court ruled that John H. Newport conveyed the property to his daughters as tenants in common; that Hazel Walker died seized of an undivided one-half interest in the property, and that on her death her husband Raymond J. and daughters Mary and Loretta became the owners of said interest in the property. Judgment was entered ordering the land to be sold in partition. Defendants Catherine Deppe and Edwin W. Hall, executor, appealed. The deed follows:

"THIS DEED, Made and entered into this thirtieth day of August, nineteen hundred and twenty, by and between JOHN H. NEWPORT, a widower, of the City of St. Louis, State of Missouri, party of the first part, and "CATHERINE MARIE NEWPORT and HAZEL MARIE NEWPORT, as joint tenants and not tenants in common of the City of St. Louis, State of Missouri, parties of the second part:

"WITNESSETH: That the said party of the first part, for and in consideration of One Dollar and Love and Affection to him paid by the said parties of the second part, the receipt of which is hereby acknowledged does by these presents, GRANT, BARGAIN and SELL, CONVEY and CONFIRM, unto the said parties of the second part, the following described Real Estate, situated in the City of St. Louis and State of Missouri, to-wit:

"The Western 20 feet of lot No. 26 and the Eastern 15 feet of lot

No. 27 of Chouteau Place and in block No. 3673 of the City of St. Louis, having an aggregate front of 35 feet on the North line of Maffitt Avenue by a depth Northwardly of 152 feet 6 inches to an alley, together with improvements thereon known as 4265 Maffitt Avenue.

"Grantor hereby retains a life's interest and is entitled to the income of the above described property during his natural life.

"TO HAVE AND TO HOLD THE SAME, together with all rights, immunities, privileges and appurtenances to the same belonging, unto the said parties of the second part, and to their heirs and assigns forever, the said JOHN H. NEWPORT hereby covenanting that he, his heirs, executors and administrators, shall and will WARRANT AND DEFEND the title to the said premises unto the said parties of the second part, and to their heirs and assigns forever, against the lawful claims of all persons whomsoever, excepting the taxes, both general and special, for the year of 1920 and thereafter."

██ It will be noted that the phrase "as joint tenants and not tenants in common" appears in the premises of the deed. In effect, the trial court ruled that under the statute the granting clause must contain an express declaration of joint tenancy, otherwise the tenancy is in common. The statute follows:

"Every interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy." [Sec. 3114, R. S. 1929.]

It also will be noted that the statute does not require the granting clause of the deed to contain the express declaration of joint tenancy. On the contrary, an express declaration of joint tenancy must be in the grant. The word "grant," as used in the statute, means deed. We so understood the word in Rodney v. Landau, 104 Mo. 251, 259, 15 S. W. 962. ██ Thus it appears that an express declaration of joint tenancy in any part of the deed is sufficient if it clearly appears on a construction of the deed from the four corners that such was the intention of the grantor. In other words, the location of the phrase "as joint tenants and not tenants in common" in the premises of the deed is not contrary to a positive rule of law. In this situation the intention of the grantor, John H. Newport, may be determined from a construction of the deed.

We are not in doubt as to his intention. The names of the grantees as "second parties" and the tenancy intended to be created, are expressly stated in the premises. The names of the grantees and the tenancy intended to be created are not expressly stated in the granting and habendum clauses. Even so, the phrase "second parties," as used in the granting and habendum clauses, incorporates, by necessary reference to the premises, the names of the grantees and the tenancy intended to be created into said clauses of the deed. If so, it must

have been the intention of the grantor to create a joint tenancy. [Stukis v. Stukis, 316 Ill. 115, 146 N. E. 530.]

Furthermore, the description of the parties of the second part in the premises as "joint tenants and not tenants in common" is not repugnant to the phrase "parties of the second part and to their heirs and assigns forever" in the habendum clause, for the reason the parties of the second part take in fee simple whether the conveyance is in joint tenancy or tenancy in common. [Stukis v. Stukis, supra.]

Plaintiff cites Wilson v. Frost, 186 Mo. 311, 85 S. W. 375; Wilhite v. Wilhite, 284 Mo. 387, 224 S. W. 448; Ashbaugh v. Ashbaugh, 273 Mo. 353, 201 S. W. 72.

In the Wilson case the phrase in the premises of the deed relied upon was ruled as vague and meaningless.

In the Wilhite and Ashbaugh cases the deeds conveyed property to husband and wife and presented questions relating to estates by entirety, which questions were ruled under the common law. It will be noted that conveyances to husband and wife are not within the provisions of the statute. [Sec. 3114, R. S. 1929.]

On the death of Hazel Walker the defendant Catherine Deppe became owner in fee of the land conveyed by John H. Newport to his daughters Hazel and Catherine as joint tenants.

The judgment is reversed and the cause remanded with directions to enter judgment in accordance with this opinion. All concur.