**Edna SENSENEY, Plaintiff–Appellant,**

v.

**Jan E. JEFFREY,**
**Defendant–Respondent.**

**No. 57567.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1990.

George E. Schaaf, Christina L. Mell, Green, Kanefield, Hoffman & Dankenbring, Clayton, for plaintiff-appellant.

James Leslie Thomas, Patrick L. King, Waynesville, for defendant-respondent.

CRANE, Judge.

Plaintiff, Edna Senseney, appeals from the judgment of the Circuit Court of the City of St. Louis in favor of Defendant, Jan E. Jeffrey, in which the court denied Senseney's Petition to Quiet Title to real estate and granted Jeffrey relief on Counts I and II of her counterclaim, finding the parties to be joint tenants of the real estate in question and ordering partition of that real estate. We affirm.

Senseney and Jeffrey are mother and daughter. In 1983 they entered into a contract to purchase a two-family home in the City of St. Louis. The Residential Sales Contract was signed by both Senseney and Jeffrey[1] as purchasers. They were co-makers of the note and deed of trust used to finance their purchase.

On March 18, 1983, the real estate was conveyed by the seller and grantor Laura E. Young to Senseney and Jeffrey by General Warranty Deed "as Joint Tenants and not as tenants in common and to the survivor of them". Both Senseney and Jeffrey signed the deed as Grantees. After the purchase the mother occupied the downstairs and the daughter occupied the upstairs.

In January, 1988 Jeffrey moved out of the house and Senseney put the house up for sale. Jeffrey refused to sign a deed conveying the property unless she received one half of the proceeds. Thereafter, Senseney filed a Petition to Quiet Title and to "cancel and annul the conveyance of said Plaintiff, Edna Senseney" to Jeffrey and decree that she had no interest in the real estate. Jeffrey counterclaimed for a decree that she was a joint tenant and held an undivided one half interest in the property. She also prayed for partition. The trial court entered its judgment in favor of Jeffrey. Senseney appeals.

Senseney raises two points on appeal, arguing in both that the trial court erred in finding the parties to be joint tenants because there was no evidence of 1) an intent to create a joint tenancy or 2) consideration for the transfer. These points, as does the prayer in the Quiet Title petition, presume a conveyance from the mother to the daughter of some interest in real estate and attack this presumed conveyance on the grounds of lack of intent and consideration. However, there was no such conveyance. The parties to this case derive their title to the real estate in question from the General Warranty Deed in which Laura E.

---

the documents. For the sake of clarity we will refer to her throughout by the name of Jeffrey.

Young was the grantor and they were the grantees.

■ In determining ownership under a deed we must apply the cardinal rule of interpretation of deeds and look to the intent of the grantor. *City of Columbia v. Baurichter,* 729 S.W.2d 475, 479 (Mo.App. 1987). The intention of the grantor is controlling and this intent is ascertained by examining the words within the four corners of the deed. *Id.,* and cases cited therein. In order for a grantor to convey an interest in real estate to two or more persons as joint tenants, the interest must be expressly declared in the deed to be a joint tenancy. § 442.450 RSMo 1986. "An estate in joint tenancy is one held by two or more persons jointly with equal rights to share in its enjoyment during their lives and having the right of suvivorship." *Jenkins v. Meyer,* 380 S.W.2d 315, 320 (Mo. 1964).

■ The language of the deed clearly reveals that the grantor, Laura E. Young, intended to convey the real estate to Senseney and Jeffrey as joint tenants and expressly declares the interest conveyed to be a joint tenancy. The language in the deed describing the grantees "as joint tenants and not as tenants in common" expressly created a joint tenancy and clearly stated the intent of the grantor to do so. *Walker v. Deppe,* 346 Mo. 354, 141 S.W.2d 783, 784–85 (Mo.1940).

The trial court correctly found the parties to be joint tenants under this instrument. Senseney's arguments addressed to what *she* intended to "convey" to her daughter and whether *she* received adequate consideration from her daughter are irrelevant and we need not address them.

The judgment of the trial court is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.