Hemphill, Ch. J.
The maker of the note in suit departed this life after the maturity of the note, hut previous to the expiration of the term allowed by law for the commencement of the action. Some months elapsed before *112 the grant of letters of administration, and the only question in the case which I shall examine is whether the statute ceased running in the in--terval between his death and the grant of administration on his estate. If this interval be stricken from the computation, the suit was properly brought; if otherwise, the bar had operated and the judgment must be reversed. The rule which governs the case is well established and too familiar to require discussion, and it'is this: that where the statute of limitations begins to run it shall .'continue, notwithstanding any supervening disability of I he party entitled to sue or liable to be sued. The death of neither party can impede the operation of the statute. The rule of the Spanish, Louisiana, and civil law generally is carried further. Under those systems of jurisprudence prescription runs against a succession, though vacant, abandoned, and without a curator, whether the canso accrued before or during (lie vacancy of the estate, on the ground that the creditors have it in their power to procure the appointment of a curator, and therefore cannot avail themselves of the rule contra, non valen-tem agere nulla currit prescriptio. (Pothier on Obligations, vol. 1, p. 353; Davis'v. Elkins, 9 La. R., 142.) This rule appears to be well supported by the reasons on which it is based, and requires no special comment in this case.
Note 35.—Chevallier v. Durst, post, 239; Ellett v. Moore, post, 243.
Note 30. — "When the enacting clause in a statute is general in its terms and objects, and a lu-oviso is afterwards introduced, such proviso is construed strictly. (Roberts v. Garboro, 41 T., 449.)
In support of the judgment we have been referred to article 2379 of the Digest, 3d section of the statute of limitations of 1841.
This section is limited to actions upon accounts for goods, wares, and merchandise, or for articles charged in a store account, and requires suit to bo brought within two years, except that in case of the death of the debtor or creditor the further term of one year from such death shall be allowed for tiie commencement of the action.
The exception contained in this section in favor of the creditor cannot be extended to any other causes of action than those enumerated, aud does not, therefore, include the cause of action in this case.
The Legislature has prescribed a general rule, with special disabilities or privileges, and these cannot be enlarged or extended to objects not embraced in the exception by mere implication or from parity of reason. Por authorities see 2 Pothier on Obligations, p. 97; 4 T. R., 300; 1 Wils. R., 134; Phillips's Digest, p. 402; 1 Stew. R., 254; 3 S., 172.
The judgment is ordered to he reversed and the cause dismissed.
Reversed and dismissed.