3bu454
108 425

CASE 97—PETITION EQUITY—MAY 28.

# Croan, &c., vs. Joyce, &c.

### APPEAL FROM BULLITT CIRCUIT COURT.

1. A conveyance made in 1840 to husband and wife, absolutely and without limitation, makes them tenants by the entirety, and the whole estate so conveyed results to the survivor. The statute of 1796 abolishing survivorship amongst joint tenants did to apply to tenants by the entirety. (*Rogers vs. Grider,* 1 *Dana,* 243.) This rule was changed by the Revised Statutes—"unless a right by survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them." (*See sec.* 14, *art.* 4, *chap.* 47, *Revised Statutes,* 2 *Stanton,* 27.)

2. By the acceptance of the deed from Myers' heirs, Richard Joyce abandoned whatever possessory title he may have had to the land, and must be regarded as holding under the deed.

W. R. THOMPSON,
R. H. FIELD, and
THO. W. RILEY,             For Appellants,
           CITED—
   1 *Dana,* 35; *Ross vs. Garrison.*
   1 *Dana,* 242; *Rogers vs. Grider.*
   6 *Dana,* 387; *Thompson vs. Peebles.*

A. H. FIELD,                For Appellees,
           CITED—
   12 *B. Mon.,* 651; *Moore vs. Moore.*
   1 *Duvall,* 272; *Babbit, &c., vs. Scroggin, &c.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This action in equity was brought in the Bullitt circuit court on the 14th of February, 1866, by Harrison Joyce, William Joyce, Wellington Joyce, and Simpson Todd, and Mahala, his wife, late Mahala Joyce, against John

Croan, Levi Moore, Robert McNutt, and Green L. Key, the tenants in possession, to recover one hundred and eighty-seven acres of land in said county of Bullitt.

On the 20th of August, 1867, the names of Todd and wife were stricken from the petition as plaintiffs, by consent, and they were made defendants. The action was then tried, and judgment rendered for plaintiffs for three fourths of the one hundred and eighty-seven acres of land, from which judgment defendants appealed to this court.

Appellees claim that this, with other lands, on the death of John Myers, which occurred in 1839, descended to his children, of whom their mother was one, and, on the division of his lands amongst his heirs, by agreement of their mother with her co-heirs, the one hundred and eighty-seven-acre tract was allotted to her as her portion of the lands of her father which descended to his heirs.

On the 14th of *February*, 1840, Mrs. Joyce's co-heirs conveyed said land to Richard Joyce, her husband, and herself, in fee simple, with warranty against themselves, and all persons claiming under them only, without reservation and qualification.

Defendants Moore and McNutt allege in their answer that Richard Joyce sold and conveyed a part of the land to John Croan, who conveyed the same to said Moore, and the residue thereof he sold and conveyed to H. J. Felker, and he conveyed to said McNutt that part of it. These several conveyances are exhibited with the answer, and it appears that Mrs. Joyce did not unite with her husband therein.

The defendants all allege that Richard Joyce had a good title to said land when he made said conveyances, and before the conveyance was made to himself and wife

by a part of the heirs of John Myers, by a continuous adverse possession thereof for twenty years and more. But they claim, even if the title to the land was derived through the deed from John Myers' heirs in severalty, that Richard Joyce survived his wife, and that the ultimate right passed to him as survivor, and inured to the benefit of his vendees. Another ground was set up as a defense, but it seems to have been abandoned; and the question is, whether the two first named grounds, or either of them, can be made available to defeat the action.

By the acceptance of the deed from Myers' heirs, Richard Joyce abandoned whatever possessory title he may have had to the land, and must be regarded as holding under that deed.

The terms of the deed to Joyce and wife are such as to make it pass the whole of the land to which Mrs. Joyce's co-heirs had title to her husband and herself, and the ultimate right to him as survivor, if he had not parted with his title; and as he survived his wife, his vendees will hold the land.

In *Rogers vs. Grider*, 1 *Dana*, 243, this court decided— 1st. That a conveyance to husband and wife, absolutely and without limitation, makes them tenants by the *entirety*, and the whole estate so conveyed results to the survivor; and 2d. That the statute of 1796, abolishing survivorship amongst *joint* tenants, did not apply to tenants by the *entirety*.

It results that Richard Joyce, by survivorship, was entitled, as against the heirs of his wife, to all that part of the land, the exclusive title to which was derived by himself and wife from her co-heirs by their conveyance of 1840, which was prior to the adoption of the Revised Statutes, and by which the rule is changed.

But before, and independent of that deed, Mrs. Joyce held the legal title by descent to the undivided fifth of the land, of which she has never been divested by any act of her own.  Her interest seems to be one fifth of the land, as, from the deed of Myers' heirs to Joyce and wife, it seems her father left five heirs, that fifth being hers independently of her co-heirs; consequently, when she died, her interest descended to her heirs, encumbered by her husband's right to curtesy; and upon his death, they were entitled to have said one fifth set apart to them; but Mrs. Todd does not join in the action, nor ask for any relief; and the appellees are entitled each to one fourth of one fifth of said one hundred and eighty-seven acres of land.

Wherefore, the judgment is reversed, and the cause remanded, with directions to render judgment, and for further proceedings consistent with this opinion.