[No. 2991.  Decided June 13, 1898.]

THE STATE OF WASHINGTON, *on the Relation of Belling-
ham Bay Improvement Company, Appellant,* v. ROBERT
BRIDGES, *as Commissioner of Public Lands of the State
of Washington, Respondent.*

TIDE LANDS — CONTRACT FOR PURCHASE — EXTENSION OF TIME — CON-
STRUCTION OF STATUTE.

Laws 1897, p. 229, §§ 27, 28 (Bal. Code, §§ 2157, 2158) author-
izing the extension of all contracts issued by the state "to pur-
chasers of school or other lands," upon payment of delinquent and
accruing interest, applies to contracts for tide lands as well as to
those for granted lands, since § 5 (Bal. Code, § 2134) of the same
act declares that "public lands" and "state lands" shall be
deemed synonymous, whenever used in the act, and that all sorts
of granted lands, school lands, university lands, tide lands, shore
lands and harbor areas are included in the term "public lands."
(GORDON, J., dissents.)

Appeal from Superior Court, Thurston County.—Hon.
BYRON MILLETT, Judge.  Reversed.

*Struve, Allen, Hughes & McMicken,* and *Richard Win-
sor,* for appellant.

*Thomas M. Vance,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is a petition by the appellant to prohibit and restrain the commissioner of public lands of the state of Washington from canceling upon the public records of his office a certain contract between the state of Washington and the appellant for the purchase of certain tide lands. The petition sets forth the entering by the appellant into a contract with the state for the purchase of certain tide lands and the partial payment made thereon, sets forth the statute of the state of Washington approved March 16, 1897, being chapter 89, Laws 1897, p. 229, the notification by the commissioner of the delinquency in the matter of payment and interest, the payment of the interest by the petitioner in accordance with the provisions of the law and the refusal of the commissioner to accept the same, and the fact that said commissioner is threatening to declare the contract terminated and to declare the lands therein described forfeited to the state. The contention of the respondent is that §§ 27 and 28 of the law above noticed do not apply to tide lands, but apply only to the granted lands of the state. Section 27 (Bal. Code, § 2157) is as follows:

" All contracts issued by the state of Washington to purchasers of school or other lands which are found to be delinquent in payment of interest two years from time of first payment, and which have not been extended by law, shall be declared forfeited by the commissioner of public lands unless such delinquent interest shall be paid to the state in accordance with notice hereinafter provided; that the commissioner of public lands shall notify the holder of such contract in each instance where payment of interest is overdue, and that unless payment is made within six months from the date of said notice, his contract will be canceled and the land shall revert to the state."

Section 28 (Bal. Code, § 2158) is as follows:

" The time for making payment of principal on any of such contracts where one-tenth or more of the purchase price has been paid is hereby extended to January 1, 1905; *Provided,* That all delinquent interest due is paid as stated in section 27 of this act and all interest falling due on such contracts thereafter is paid annually on the dates stated in such contracts."

It is also the contention of the appellant that the final provision of § 17 (Bal. Code, § 2147), which provides that

" The commissioner of public lands may, as he deems advisable, extend the time for payment of principal and interest on the contract heretofore issued and contracts to be issued under this act,"

applies especially to tide land contracts. The rule of *ejusdem generis* is invoked by the respondent and the insistence is that as to the words of § 27, *supra,* viz., " All contracts issued by the state of Washington to purchasers of school or other lands," under such rule " other lands " necessarily means the same kind of lands as the kind expressed, viz., school lands, and that school lands being granted lands the provision " or other lands " must refer exclusively to other granted lands. Whatever construction, if any, can be placed on the last provision in § 17, an investigation of the whole act under consideration leads us to the conclusion that it was not the intention of the legislature to place the restriction contended for by the respondent upon the provisions of § 27. The plain provision is that the purchasers of school or other lands shall have the benefit of this law, and as throwing some light on the broader interpretation which we think was given to this language by the legislature, § 5 (Bal. Code, § 2134) provides that

" All lands described in section four [and section four describes school lands, university lands, all sorts of

28—19 WASH.

granted lands, tide lands, shore lands and harbor areas] are ' public lands ' and the terms ' public lands ' and ' state lands ' shall be defined and deemed to be synonymous whenever either is used in this act."

Hence we conclude that the words " other lands " might more reasonably be applied to the broader term " public lands " than to granted lands, they all being state lands. The evident intention of the legislature was the relief of purchasers of state lands and there would seem to be no good reason why the relief provided should be restricted to purchasers of only a portion of the state lands, and, in the absence of restrictive language on the part of the legislature, we must conclude that no such restrictions were intended. There can be no particular importance attached to the subdivisional heads in this bill, for the act itself is not consistent with such subdivisional heads in many instances. The first impression made by reading § 27, it seems to us, plainly would be that the words had reference to contracts in relation to all the public lands in the state. This seems to be as nearly in harmony with all the provisions of the act as would any other construction, and we do not think that the plain expressions of the legislature ought to be construed with reference to a technical rule of construction of whose existence the legislature was probably not aware, especially when its application would destroy another well settled and long established rule which is founded in equity and good conscience, viz., that forfeitures are not favored by the law, and that they will not be declared unless they are specifically and clearly provided for.

The judgment will be reversed with instructions to the lower court to grant the writ prayed for.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.

GORDON, J., dissents.