CASE 56—ACTION TO RECOVER DAMAGES FOR INJURY TO PROPERTY— MAY 4.

# City of Louisville v. Coleburne.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

HUSBAND AND WIFE—ESTATE BY ENTIRETIES—DAMAGES—SINGLE RECOVERY FOR WHOLE INJURY—LIMITATION OF ACTION.

Held: 1. A conveyance to husband and wife for their natural lives, with remainder in fee to their children, if any be left at their death, provides for a right by survivorship, so as to make the husband and wife tenants by entireties, within the exception to Kentucky Statutes, sec. 2143, which provides that, "if real estate be conveyed or devised to husband and wife, unless a right by survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them, but they shall take as tenants in common"; and therefore the wife, having survived the husband, may maintain an action for

the entire injury to the use of the property from the improper grading of a street, whether it occurred during the lifetime of the husband or after his death—the right to enjoy the whole estate being an entirety, belonging to each of them.

2. An action by a life tenant to recover damages for injury to the use or rental value of the property from the improper grading of a street is not barred by limitation, though more than five years have elapsed since the street was completed, as the injury is not of that character where a single recovery may be had for the whole injury, the recovery sought being merely for the injury to the use of the property, and not for the injury to the fee; and the injury, besides, is not necessarily of a permanent character, as it may be remedied by a regrade of the street, or by the extension of the sewerage system of the city along the street.

3. As the recovery sought was only for the injury to the use and occupation of the property, the court properly instructed the jury to find for plaintiff such damages as fairly represented the amount in which the use and occupation of the house had been damaged in value by the gutter complained of during the time mentioned in the instruction.

H. L. STONE, CITY ATTORNEY, FOR APPELLANT.

1. The property alleged to have been damaged was not owned solely by the appellee. It was conveyed to her by her deceased husband, Victor P. Wilson jointly, and her said husband's representatives were not parties to this suit, and she can not recover for them. Am. & Eng. Ency. of Law, vol. 17, page 599; Gent v. Lynch, 23 Md., 58; 87 Am. Dec., 558; Coryton v. Lethebye, 2 Sand, 115; Civil Code, secs. 22 and 24; Pelly v. Bowyer, 7 Bush, 513; Woolfolk v. Ashby, 2 Met., 288; 1 Chitty on Pleadings, 56; 2 Statute of Limitations.

The court refused to instruct the jury to limit the recovery of the appellee, if any, to a period six months preceding the institution of the action. This was error. City Charter, Session Acts 1881, vol. 1, page 1017; Cassity v. Storms, 1 Bush, 433; Lawrence v. City of Louisville, 96 Ky., 595; Powers v. Council Bluffs, 45 Iowa, 652; Town of Troy v. Cheshire R. R. Co., 3 Foster (N. H.), 83; Stodghill v. C. B. & Q. R. R. Co., 53 Iowa, 341; Haisch v. K. & D. M. R. R. Co., 71 Iowa, 605; Williams v. Mills Co., 71 Iowa, 367; Lehigh Valley R. R. v. McFarlan, 43 N. J., 605; Houston & Texas Central R. R. Co. v. Chaffin, 14 Am. & Eng. R. R. Cases, 437; s. c. 60 Texas, 554; Houston Water Works v. Kennedy, 70 Texas, 233; Lyles v. Texas & N. O. R. R. Co., 39 Am. & Eng. R. R. Cases, 59; Railroad Co. v. Morris, 35 Ark.,

626; Railroad v. Chapman, 39 Ark, 463; Railroad Co. v. Moschel, Am. & Eng. R. R. Cases, 674; L. & N. R. R. Co. v. Hodge, 6 Bush, 141.

3. Appellee had no cause of action against appellant. Gould on Law of Waters, sec. 267, page 524, sec. 269, page 527, sec. 270, page 528; Dillon on Municipal Corporations (4th ed.), secs. 1038-39-40; Angell on Water Courses, sec. 108; Cooley on Torts, 574; Addison on Torts, 175; Hillary on Torts, 584.

4. The court erred in prescribing the measure of damages in instruction No. 5. City of Maysville v. Stanton, 12 Ky. Law Rep., 586.

LANE & BURNETT AND PHELPS & THUM FOR APPELLEE.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

Plaintiff sought in this action to recover damages for injury to the rental value and comfortable use from 1st day of July, 1893, of her residence, situated on the southeast corner of Twenty-fourth and Madison streets, in Louisville, Ky., which she alleges was occasioned by the negligence and want of skill and care on the part of the officers, agents, and servants of the defendant, the city of Louisville, in grading and paving the carriage way of Twenty-fourth street from Chestnut to Madison street for a distance of 161 feet along and next to her property, in consequence of which the surface water accumulated and stood in and along the gutter next to the curbing, emitting foul and loathsome odors to such an extent as to infect and poison the atmosphere around her lot. The defendant, by its answer, denied the material allegations of plaintiff's petition, and for further defense pleaded contributory negligence of appellee, and, in separate paragraphs, pleaded the five-years and six-months' statutes of limitation against appellee's cause of action; alleging that the grading and paving on Twenty-fourth street, complained of, were completed on the 16th day of July, 1892—more than

five years before the institution of this action on August 31, 1897. The averments of the answer pleading contributory negligence and the statutes of limitation were denied by a reply, and on these issues the case went to the jury, who returned a verdict in favor of the plaintiff for $500. Appellant's motion for a new trial having been overruled, this appeal is prosecuted, and we are asked to reverse the judgment appealed from.

Appellee alleged in her original petition that she was the owner in fee of the property, and in her amended petition she withdrew this allegation of ownership, and alleged that she was the owner of the property only during her life. This was denied of record. To sustain her title, she introduced in evidence her title deeds, which showed that the property was conveyed to Victor P. Wilson and Mary F. Wilson, his wife (appellee), for and during their natural lives, with remainder in fee unto their child or children, if any there be left at the time of the deaths of the said parties of the second part, and, in case of no such child or children then being alive, unto the heirs at law of said Victor P. Wilson.

Appellee testified that her first husband, Victor P. Wilson, died in March, 1897, leaving three children, and that she married her second husband about three weeks before the institution of this suit. It is insisted for appellant that prior to the death of her husband, Victor P. Wilson, he was joint owner with appellee of the life estate in the property, and that his personal representative was a necessary party to the proceeding; that appellee, at most, was only entitled to such damages as may have been inflicted upon the property between the death of her first husband and the institution of her action, and to one-half the damages thereto prior to the death of her first hus-

band, and that the court erred in giving such instructions
as entitled her to recover as though she was the sole
owner of the property; and that there ought at least to
have been an apportionment of the damages limiting the
recovery prior to the death of Victor P. Wilson to one-half
the injury, as otherwise damages may be twice recovered
from defendant.

The first question to be determined is the character of
the interest held by appellee under her deed in the real
estate, for injury to which she seeks to recover. Is it an
estate of joint tenancy, or what is termed a "tenancy by
entireties?" In order to constitute an estate in joint
tenancy, the tenants thereof must have one and the same
interest, arising by the same conveyance, commencing at
the same time, and held by one and the same undivided
possession. The chief peculiarity of this estate is the right
of survivorship, by which, upon the death of one joint ten-
ant, the entire tenancy remains to the surviving co-ten-
ants, not to the heirs or other representatives of the de-
ceased, the last survivor taking the whole estate (see 2
Bl. Comm. p. 180); and the common law favored title by
joint tenancy by reason of this very right of survivorship,
but the policy of the law in this State is against survivor-
ship, and as early as 1796 abolished it by statute, which
still survives, in section 2348, Kentucky Statutes. But
it has been held in a number of cases that the destruction
of joint tenancies by this statute did not apply to convey-
ances to husband and wife, which, in legal construction,
by reason of the unity of husband and wife, are not strictly
joint tenancies, but conveyances to one person; that they
could not take by moieties, but both were seized of the
entirety, and the survivor took the whole.

In the case of Rogers v. Grider, 1 Dana, 242, Judge

Nicholas, illustrating the difference between the character of the estates, says: "The distinction is not merely ideal and arbitrary, but is founded in a substantial difference. One of the incidents of joint tenancy was the right of each of the joint tenants to alienate his interest, thereby sever the joint tenancy, and render his co-tenant tenant in common with the alienee, whereas, it is agreed by all of the authorities that neither husband nor wife can, by the common law, make any alien‚ ation of an estate conveyed to them during coverture, so as to affect the entire right of the other, on his or her surviving. The unity of person subsisting between man and wife, in legal contemplation, prevents their receiving separate interests in an estate conveyed to them during coverture." And this doctrine was fully recognized in Croan v. Joyce, 3 Bush, 454, and Elliott v. Nichols, 4 Bush, 502; but the Revised Statutes adopted in the year 1850, subsequent to these adjudications, provide "that if real estate be conveyed or devised to husband and wife, unless a right by survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them, but they shall take as tenants in common, and the respective moieties be subject to the respective rights of husband and wife as herein fixed with all other incidents to such tenancy." And the effect of this statute is to place conveyances to husband and wife upon the same footing as similar conveyances to other parties, unless a right by survivorship is expressly provided for in the conveyance itself. We are of the opinion that the deed under which appellee holds comes within the exception provided by the statute, and secures to her a right by survivorship to the entire property during her natural life, as the conveyance is to Victor P.

and Mary F. Wilson for and during their natural lives, with remainder in fee unto their child or children, if any there be left at the time of their death, and plaintiff has the right to maintain this action in her own name for the entire injury complained of, whether the injury complained of occurred during the lifetime of her first husband, or after his death. Her interest under this deed is a sole, and not a joint, tenancy. Victor P. Wilson could not in his lifetime have disposed of his interest so as to sever the tenancy and compelled a partition of the property. The right to enjoy the whole estate was an entirety belonging to each of them.

The second ground of error relied upon is the failure of the court to sustain the plea of limitation; it being insisted that the undisputed evidence shows that the grading and construction of the street were completed more than five years before the institution of this suit, to-wit, on the 26th day of July, 1892, and that whatever injury plaintiff sustained was of a permanent character, and was such as she might have been compensated for as soon as the street was finished. In response to this contention it may be said that this is not a suit for a permanent and enduring injury to the fee. Plaintiff only seeks to recover damages for injury to the use of rental value of the property, as she has therein only a life estate; and we do not think, therefore, that the injury sought to be recovered for, here, is of that character where a single recovery might be had for the whole injury which results from the act complained of. Ordinarily, in actions for injury to real estate, the plaintiff can only recover for injury done up to the commencement of the action. In addition to that, it does not appear to us that the injury in this case is necessarily of a permanent character, like that sustained from the con-

struction and operation of a railroad, which, in its nature, is necessarily enduring. On the contrary, it may be remedied by a regrade of the street or, what is more probable, by the extension of the sewerage system of the city along this street.

It is further insisted that the court erred in prescribing the measure of damages in this case. By instruction No. 5 the jury were told that they should find such a sum as fairly represented the amount in which the use and occupation of the house had been damaged in value by reason of the gutter complained of during the time mentioned in instruction No. 1. As said *supra,* this is not a suit for an injury to the fee, but the plaintiff only seeks to recover for the injury to the use and occupation of the property, and it seems to us that this instruction fairly states the law.

After a careful consideration of the many points suggested and relied on in the very able brief of counsel for appellant, we have concluded that there has been no error prejudicial to its substantial rights, and the judgment is therefore affirmed.