## HOLMES et al. v. COALSON.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 15, 1913.)

1. APPEAL AND ERROR (§ 106*)—DECISIONS REVIEWABLE — PLEADING OF PRIVILEGE—FINAL JUDGMENT.

An order overruling defendants' pleas of privilege to be sued in the county of their residence, not being specially mentioned in Rev. Civ. St. 1911, arts. 2078, 2079, 2080, authorizing appeals from certain decisions, was not appealable thereunder, nor was it appealable under article 1833, permitting an appeal from a judgment sustaining a plea of privilege; the last article being an exception to the statutes relating to appeals generally, and to be strictly construed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 726–734; Dec. Dig. § 106;* Venue, Cent. Dig. § 149.]

2. STATUTES (§ 228*)—CONSTRUCTION—EXCEPTIONS.

Exceptions to a statute of general terms cannot be enlarged to include cases not embraced within the exceptions by mere implications or parity of reason.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 310; Dec. Dig. § 228.*]

Appeal from District Court, Parker County; J. W. Patterson, Judge.

Action by J. B. Coalson against J. V. W. Holmes and others. Judgment for plaintiff, and defendants appeal. Appeal dismissed.

Beall & Beall, of Sweetwater, for appellants. Stennis & Wilson, of Weatherford, for appellee.

CONNER, C. J. As appears from the plaintiff's petition, appellee, a resident of Parker county, Tex., instituted this suit in the district court of the county of his residence against J. V. W. Holmes and others, alleged to reside in Nolan county, Tex., to recover damages because of alleged fraudulent representations made by the defendant in the exchange of certain properties between the parties. The misrepresentations charged are based upon a certain letter mailed to and received by appellee in Parker county. The defendants presented pleas of privilege to be sued in the county of their residence, which were heard by the court and overruled. From this ruling of the court, the defendants have appealed; the case on its merits not having been tried.

Appellants made no motion for a new trial; and the questions presented by the briefs of the parties are: First, whether, in the absence of such motion for new trial, the amended rules will require us to disregard appellant's assignments of error; and, second, whether the letter which is made the foundation of the plaintiff's charge of fraudulent representations in legal effect amounts to such case of fraud as will bring the suit within the seventh clause of article 1830, Revised Statutes 1911, relating to the subject of venue. We conclude, however, that we cannot determine the questions suggested for want of jurisdiction.

[1] The order appealed from is clearly interlocutory in character; and, save where otherwise specially provided, it is only from "final" judgments of the district court over which we may exercise our revisory powers. See article 2078, Revised Statutes 1911. Articles 2079 and 2080 make certain exceptions to the operation of the general right of appeal given by article 2078; but the present appeal does not fall within any exception so provided. Article 2079 authorizes an appeal from an interlocutory order appointing a receiver or trustee under certain circumstances; and article 2080 authorizes appeals from interlocutory orders granting or dissolving temporary injunctions. An appeal, however, from an interlocutory order overruling a plea of privilege is not specified. The only article of the statute that in any event can be invoked in aid of the present appeal is article 1833, which reads: "Whenever a plea of privilege to the venue, to be sued in some other county than the county in which the suit is pending, shall be sustained, the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause; and the clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the

seal of. the court and transmit the same, with the original papers in the cause, to the clerk of the court to which the venue has been changed: Provided, that nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege." It is evident from a reading of the statute quoted that in terms an appeal only lies from the judgment of the court "sustaining a plea of privilege," and not from a judgment of the court, as here "overruling such plea." Giving the article quoted an interpretation that authorizes an appeal from the judgment of a court sustaining a plea of privilege, it is apparent that the article in its nature constitutes an exception to the general rule limiting appeals to final judgments.

[2] And it is a familiar rule of construction that exceptions to a statute of general terms cannot be enlarged so as to include cases not embraced within the exceptions by mere implications or parity of reason. See Tyson, Adm'x, v. Britton, 6 Tex. 222; Roberts v. Yarboro, 41 Tex. 449; Sutherland on Statutory Construction, §§ 223, 224. As illustrating this rule of construction, see Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526, where it was held by our Supreme Court that, under the statute conferring the right of appeal from orders "granting or dissolving" temporary writs of injunction, an appeal from an order "refusing" to dissolve such a writ did not lie. See, also, Bledsoe et al. v. United Brothers of Friendship and Sisters of the Mysterious Ten, 131 S. W. 256.

We conclude that we have no jurisdiction over the present appeal, and that it must be dismissed. It is accordingly so ordered.