HELEN G. CARPENTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54463. Promulgated December 10, 1932.

*Thomas L. Marshall, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

284

OPINION.

McMahon: We are here called upon to determine the taxable income derived in the year 1928 by the petitioner upon the sale in 1927 of certain real property located in Chicago, Illinois, which she and her husband had acquired and owned as joint tenants. Petitioner's husband died about six months before the date of sale.

The sale was upon the installment basis and was so treated by the petitioner in her income tax return for the year 1928. No question is raised as to the propriety of this manner of returning the income. The sole issue relates to the proper basis to be used. For the year 1928 the petitioner returned and paid income tax upon an aliquot part of one-half of the difference between the total cost of the entire property and the selling price. This was upon the theory that she acquired one-half of the property at the date of the original transfer to her and her husband. It is her contention that the remaining half of the property was acquired by her upon the death of her husband; that the basis for the determination of gain or loss upon her sale of that portion is its value as of the date of the death of her husband; and that, since at that date it had a value equal to the price at which it was later sold, no gain was derived upon the sale. The respondent, on the other hand, contends that the proper basis to be used in the determination of gain or loss to the petitioner upon the sale of the entire property is the original cost of such property, namely, $77,136.07, and that the gain derived by petitioner is the difference between that figure and the selling price of the entire property, $125,000, less the broker's commission of $3,750 paid by petitioner. Neither petitioner nor respondent, in their calculations,

deducted this commission, but respondent in his brief concedes that it should be deducted in computing the profit. This amount will be deducted upon the recomputation under Rule 50.

Under section 113 of the Revenue Act of 1928, set forth in part in the margin,[1] the basis for the determination of gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property, with certain exceptions. This property was acquired by petitioner after February 28, 1913, and unless one of the exceptions is applicable the basis to be used is the cost of the property. The only exceptions which are possibly applicable are contained in subdivision (a) (5).

In applying the quoted portion of the statute, we are governed by certain well established rules of statutory construction to the effect that exceptions to the general provisions of a statute should be strictly construed; that the burden of proof is upon the one claiming the benefit of such exceptions to bring himself within them; that the general provision is broader than the exception and all doubts and implications should be resolved in favor of the rule rather than the exception; that a legislature is presumed to have stated all the exceptions to a general provision which it intended to state; and that other exceptions than those designated by statute can not be read into the statute. *Bend* v. *Hoyt*, 13 Pet. 263; *United States* v. *Scharton*, 285 U. S. 518; *Kendall* v. *United States*, 107 U. S. 123; *Hopkins* v. *United States*, 235 Fed. 95; *Basham Co.* v. *Lucas*, 21 Fed. (2d) 550; *Eddington* v. *Northwestern Bell Telephone Co.*, 201 La. 67; 202 N. W. 374; *Mobile Liners* v. *McConnell*, 220 Ala. 562; 126 So. 626; *Holmes* v. *Coalson*, 154 S. W. 661 (Tex.); *In re Cadwell's Estate*, 26 Wyo. 412; 186 Pac. 499; and *Rothschild* v. *Superior Court*, 293 Pac. 106 (Cal.). In *Bend* v. *Hoyt, supra*, the Supreme Court stated that " an exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted," and " is conclusive to show that none other was intended." In *United States* v. *Scharton, supra*, it was held that the clause of section 1110(a) of the Revenue Act of 1926 fixing the limitation period for offenses involving fraud at six years is an exception clause, and is to be narrowly construed.

---

[1](a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

    \*        \*        \*        \*        \*        \*        \*

(5) PROPERTY TRANSMITTED AT DEATH.—If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the death of the decedent. In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer. \* \* \*

It is also well settled that the title of a statute can not enlarge or confer powers, or control the words of the act unless they are doubtful or ambiguous, and that the ambiguity must be in the context and not in the title to render the latter of any avail. *Cornell* v. *Coyne*, 192 U. S. 418; *Patterson* v. *The Eudora*, 190 U. S. 169, and *United States* v. *McCrory*, 119 Fed. 861. The same rule applies to headings of subdivisions of statutes. *Chesapeake & Ohio Ry. Co.* v. *Pew*, 109 Va. 288; 64 S. E. 35; *State* v. *Bridges*, 19 Wash. 431; 53 Pac. 545; 36 Cyc. 1134, 1135. There is no ambiguity in the context of the portion of the statute which is here under consideration.

We are here called upon, in the light of those rules of statutory construction, to determine whether petitioner received one-half of the joint tenancy property " by intestacy," within the meaning of section 113 (a) (5) of the Revenue Act of 1928.

It is the contention of the petitioner that in the case of joint tenants in Illinois, the death of one tenant gives to the other tenant, as a matter of succession, the half interest of the deceased tenant, and the surviving tenant who theretofore had owned merely an undivided half interest then receives the other half for the first time. This raises the question as to whether she took a one-half interest in the property from her husband " *by intestacy* " and whether this proceeding comes within the provisions of subdivision (a) (5) of section 113 of the Revenue Act of 1928. No claim is made that petitioner received this interest in real estate by general or specific devise.

In regard to the incidents of joint tenancy we are bound by the rules of property established in Illinois, the state in which the real property in question is located. *Tyler* v. *United States*, 281 U. S. 497.

It is well settled by the courts of Illinois that a joint tenancy may be created having all the attributes of a common law joint tenancy. In *Gaunt* v. *Stevens*, 241 Ill. 542; 89 N. E. 812, the Supreme Court of Illinois stated in part:

A " joint tenancy " is where two or more persons have any subject of property, jointly, in which there is unity of interest, unity of title, unity of time, and unity of possession. 2 Blackstone's Com. 180, * * *.

* * * on January 31, 1827, the General Assembly passed an act " concerning conveyances of real property ", section 5 of which is as follows: " No estate in joint tenancy, in any lands, tenements, or hereditaments, shall be held or claimed under any grant, devise or conveyance whatever, heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass not in tenancy in common, but in joint tenancy; and every such estate, other than to executors or trustees (unless otherwise expressly declared as aforesaid) shall be deemed to be a tenancy in common." This section of the act of 1827 has been re-enacted in all of the revisions of our statutes, and is now found, without substantial change, as section 5 of our present act concerning conveyances. Hurd's Rev. St. 1908, c. 30.

This court decided in *Mette* v. *Feltgen*, supra, that section 5 of the act of 1827 so far repealed, by implication, section 2 of the act of 1821 as to authorize the creation of joint estates possessing the qualities and incidents which the common law attaches to them, where the language of section 5 of the conveyance act, or other equivalent words, are used clearly indicating an intention to create a joint tenancy. In other words, the effect of section 5 of the act of 1827 was to reverse the common-law rule, so that a conveyance to two or more persons creates the relation of tenants in common unless the intention to vest a joint estate in clearly manifested as provided by section 5 of the act of 1827. The holding in the *Feltgen Case* is now the established doctrine in this state. *Slater* v. *Gruger*, 165 Ill. 329, 46 N. E. 235; *Cover* v. *James*, 217 Ill. 309, 75 N. E. 490.

See also *Mette* v. *Feltgen*, 148 Ill. 357; 36 N. E. 81, referred to in *Gaunt* v. *Stevens*, *supra*, which latter case was cited with approval in *Liese* v. *Hentze*, 326 Ill. 633; 158 N. E. 428, decided in 1927 by the Supreme Court of Illinois. See also *Deslauriers* v. *Senesac*, 331 Ill. 437.

In the instant proceeding the property was conveyed to petitioner and her husband by deed " not as tenants in common but as joint tenants." There can be no question therefore that the property was held in joint tenancy.

It is likewise well settled by the courts of Illinois that, when one of two joint tenants dies, the surviving joint tenant takes nothing as heir from the other tenant.

In *Erwin* v. *Felter*, 283 Ill. 36; 119 N. E. 926, the Supreme Court of Illinois, in determining that title to certain certificates of deposit was vested in the surviving joint tenant, stated in part:

* * * * The mother and daughter were equally entitled to withdraw the entire deposit. Each held during their joint lives subject to their right in the other, and *upon the death of either the other held by the same title under the instrument creating the joint tenancy.* The right of each party to receive from the bank payment of the money was the same and vested at the time the bank issued the certificates. *No greater right accrued by the death of either party, but the right already existing in the survivor continued while that which had existed in the deceased ceased. There was therefore nothing in the nature of a testamentary disposition of property; no gift to take effect at the donor's death.* [Italics supplied.]

See also *Mette* v. *Feltgen*, *supra*.

The case of *Erwin* v. *Felter*, *supra*, is in accord with the law as generally recognized.

In Thompson on Real Property, vol. 2, sec. 1712, it is stated:

The distinguishing incident of title by joint tenancy is the doctrine of survivorship, by force of which, upon the death of one joint tenant, the joint estate remains unimpaired with the survivors, and ultimately with the last survivor, instead of passing to the heirs of the deceased tenant. Neither can a joint tenant devise his interest in the joint estate; for upon his death, another joint tenant surviving, there is no estate or interest in the joint estate left for his will to take effect upon,

In *Hernandez* v. *Becker*, 54 Fed. (2d) 542. it is stated that:

The chief incident of such an estate [joint tenancy] is the right of survivorship by virtue of which, *upon the death of one joint tenant, his interest does not pass to his heirs or representatives, but the entire tenancy remains to the surviving cotenants, and the last surviving tenant takes the whole.* 2 Bl. Com. 183, 184; *City of Louisville* v. *Coleburne*, 108 Ky. 420, 56 S. W. 681, 682; *Farr* v. *Trustees of Grand Lodge, A. O. U. W.,* 83 Wis. 446, 53 N. W. 738, 18 L. R. A. 249, 35 Am. St. Rep. 73. *The survivor does not take the moiety of the other tenant from him or as his successor, but takes it under and by virtue of the conveyance or instrument by which the joint tenancy was created. Carter* v. *English,* (C. C. A. 9) 15 F. (2d) 6; *Smith* v. *Douglas County* (C. C. A. 8) 254 F. 244; *In re Gurnsey's Estate,* 177 Cal. 211, 170 P. 402; *Fleming* v. *Fleming,* supra; 33 C. J. p. 904. [Italics supplied.]

In *Smith* v. *Douglas County, Neb.,* 254 Fed. 244, the United States Circuit Court of Appeals for the Eighth Circuit held that a surviving joint tenant did not, upon the death of the other joint tenant, receive "by gift, legacy, or inheritance" anything which was taxable under the Nebraska inheritance tax statute. The court there stated in part:

* * * If a joint tenancy, while the property would pass to the survivor upon the death of the other it would not so pass because of death, but because of the contract for joint tenancy or because of the actual joint tenancy title. * * *

* * * * * * *

* * * Plaintiff in error secured nothing by gift, legacy, or inheritance. The property did not come within the terms of the Nebraska inheritance tax statute.

We hold that upon the death of her husband petitioner did not acquire any interest in the joint tenancy property " *by intestacy,*" and thus subdivision (a) (5) of section 113 affords no exception in the instant case to the general rule that the basis for determination of gain or loss shall be the cost of the property.

Petitioner relies upon *United States* v. *Robertson,* 183 Fed. 711, in which the United States Circuit Court of Appeals for the Seventh Circuit was concerned with property located in Illinois and in which the court entered into a discussion of joint tenancy. However, that decision is not in conflict with the holding herein. The court did not there hold that a surviving joint tenant takes the deceased tenant's moiety " by intestacy " or by " inheritance." It held that the survivor took merely by " survivorship." Furthermore, the statute there involved is quite different from the statute applicable here.

The petitioner also relies upon the case of *Commissioner* v. *Fletcher Savings & Trust Co.,* 59 Fed. (2d) 508, in which it was held that, where husband and wife own property as tenants by the entirety, when one dies the other takes the interest of the deceased tenant by " inheritance," within the meaning of section 303 (a) (2) of the Revenue Act of 1924, which is a part of the estate tax pro-

visions. The court there pointed out that the word "inheritance" is not necessarily restricted in its meaning to the acquisition of property by one person as heir to another. We do not consider that case as governing in the instant proceeding. In the first place it involves the estate tax provisions of the Revenue Act of 1924 and we believe that there the court reached the result logically intended by the statute. In the instant proceeding we are concerned with the income tax provisions of the Revenue Act of 1928 and are called upon to determine whether a surviving joint tenant takes, upon the death of the other, any interest in the property from the deceased tenant "*by intestacy.*" Cf. *Lang* v. *Commissioner*, 61 Fed. (2d) 280. Clearly the petitioner did not take "*by intestacy.*" Whether or not the petitioner's husband died testate or intestate is immaterial, because, as pointed out above, a surviving joint tenant does not, under the law of Illinois, take any interest from the deceased tenant as heir of such deceased tenant.

We are not here concerned with subdivisions (2) and (4) of section 113 (a) of the Revenue Act of 1928, since they deal with gifts. Petitioner did not receive a gift.

We hold that under section 113 of the Revenue Act of 1928 the basis for determination of gain or loss upon the sale of the property in question is its cost. The respondent's determination will not be disturbed except for the reduction of the selling price of the property by the amount of the broker's commission.

Petitioner also contends that, since, for estate tax purposes, there was included in the gross estate of her husband an amount of $62,500 representing the value of a one-half interest in the property in question (there is set forth in the margin the applicable provisions of the Revenue Act of 1926 requiring the inclusion of the half interest of Benjamin Carpenter in his estate for estate tax purposes),[2] and since the estate tax was paid thereon, the use of the original cost of that half of the property to determine the gain derived by petitioner upon the sale thereof for income tax purposes constitutes double taxation. A similar contention was denied by the Board in *Fannie E. Lang*, 23 B. T. A. 854, affirmed in *Lang* v. *Commissioner*, *supra*. That case involved tenancy by the entireties, whereas we are here concerned only with joint tenancy. However, the general principle

---

[2] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, \* \* \* except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: \* \* \*

there enunciated is applicable here and we see no need to enter into a further discussion of this question. We hold that it does not constitute improper taxation. Cf. *Perthur Holding Corp.* v. *Commissioner*, 61 Fed. (2d) 785.

The holding in *Kathryn M. Wood*, 26 B. T. A. 1028, being in conflict with the holding herein, will not be followed hereafter.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

SMITH and VAN FOSSAN dissent.