

# The Attorney General of Texas

July 7, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable W. P. Daves, Jr.
Chairman
State Board of Insurance
1110 San Jacinto
Austin, Texas 78786

Opinion No. MW-199

Re: Whether banks and savings and loan associations licensed under Chapter 24 of the Texas Insurance Code must pay the annual license fee set out in article 24.03 of the Texas Insurance Code if they are licensed under Chapter 3 of the Texas Credit Code.

Dear Mr. Daves:

You have requested our opinion as to whether banks and savings and loan associations licensed under Chapter 3 of the Texas Credit Code, which are also engaged in the business of insurance premium financing, must pay the annual license renewal fee specified in Chapter 24 of the Texas Insurance Code.

Chapter 3 of the Texas Credit Code regulates the business of making, transacting, and negotiating loans. Banks and savings and loan associations may be licensed thereunder without payment of an investigation and annual license fee. See article 5069-3.04(1), V.T.C.S. However, Chapter 3 of the Texas Credit Code does not provide any exemption from the payment of license fees for the business of financing insurance premiums.

The Texas Insurance Code was amended by the 66th Legislature with the addition of Chapter 24 to provide regulation of insurance premium finance companies by the State Board of Insurance. Similar provisions formerly appeared in Chapter 12 of the Texas Credit Code. See Acts 1973, 63d Leg., ch. 86 at 176. These provisions were repealed by the 66th Legislature and the licensing of banks and savings and loan associations to engage in the business of financing insurance premiums is now governed by article 24.02 of the Texas Insurance Code, which states:

> (b) Any bank or savings and loan association doing business under the laws of this state or of the United States is entitled to receive a license on notification to the board of its intention to operate under this chapter. The board shall immediately issue a license to that bank or savings and loan association.

Article 24.03 of the Texas Insurance Code establishes certain fees which insurance premium financing companies must pay:

> (a) Each application for a license to engage in the business of insurance premium financing must be in writing and in the form prescribed by the board. It must be accompanied by an investigation fee of $200.
>
> . . . .
>
> (f) The fee for each license is $100 and shall be paid to the board. Each license shall be issued for the calendar year and shall remain in force until December 31 of each year, unless suspended, revoked, or surrendered in accordance with Article 24.05 of this chapter. If a license is granted after June 30 of any year, the fee is $50 for that year.

As did its Texas Credit Code predecessor, article 24.03 of the Texas Insurance Code sets out the sole exception to the payment of statutory fees for a licensee under Chapter 24:

> (g) Any person holding a license under Chapter 3, Title 79, Revised Civil Statutes of Texas, 1925, as amended (Article 5069-3.01 et seq., Vernon's Texas Civil Statutes), on the effective date of this chapter is required only to pay the license fee required under this article and is not required to pay the investigation fee required by Section (a) of this article.

Compare Acts 1973, 63rd Leg., ch. 86, art. 12.03(b), §1.

The plain language of the statute exempts payment of the investigation fee but does not exempt payment of the annual license fee if a person is also licensed under Chapter 3 of the Texas Credit Code. This statutory language former article 12.03(b) in which sets apart the investigation fee from the annual license fee was clearly expressed in former article 12.03(b) in Chapter 12 of the Texas Credit Code. The same statutory distinction which exempts those licensed under Chapter 3 of the Texas Credit Code from payment of investigation fees but does not exempt them from the payment of an annual license fee was transferred to Chapter 24 of the Texas Insurance Code.

It is a cardinal rule of statutory construction that exceptions cannot be implied in a statute, but instead must be specifically provided for. See Spears v. City of San Antonio, 223 S.W. 166 (Tex. 1920); Tyson v. Britton, 6 Tex. 222 (Tex. 1851); Rodriguez v. R. P. Youngberg Finance, 241 S.W. 2d 815 (Tex. Civ. App. – El Paso 1951, no writ). A reading of the statutory provisions concerning fees to be paid by persons engaged in the business of financing insurance premiums reveals an exemption from payment of the investigation fee, not the annual license fee; therefore, without specific statutory language providing an exception from payment of an annual license fee, none can be assumed.

The Consumer Credit Commissioner did not charge an annual license fee when premium financing was regulated under Chapter 12 of the Texas Credit Code. However, this prior administrative construction by another agency does not authorize the State Board of Insurance to create an exemption where the statute provides none. The courts will disregard an administrative construction which is contrary to the plain meaning of a statute. See Brown Express, Inc. v. Railroad Commission, 415 S.W. 2d 394 (Tex. 1967); Eddins-Walcher Butane Company v. Calvert, 298 S.W. 2d 93 (Tex. 1957). Compare Attorney General Opinion H-1277 (1978), with Attorney General Opinion H-871 (1976).

Banks and savings and loan associations which are licensed under Chapter 24 of the Texas Insurance Code as well as Chapter 3 of the Texas Credit Code must pay the annual license fee required by article 24.03 of the Insurance Code. There is no statutory exception which exempts banks and savings and loan associations from the payment of an annual license fee.

## SUMMARY

A bank or savings and loan association, licensed under Chapter 3 of the Texas Credit Code and Chapter 24 of the Texas Insurance Code, must pay the annual license fee set out in article 24.03, Texas Insurance Code.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Nancy Ricketts
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Tom Pollan
Nancy Ricketts
Bruce Youngblood