# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00075-CV

**Michael W. Carpenter, Appellant**

**v.**

**Wesley Mau, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. 11-1960, HONORABLE BERT RICHARDSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael W. Carpenter appeals the trial court's summary judgment disposing of his civil complaint seeking injunctive and declaratory relief for alleged *Brady* violations and deprivation of due course of law committed by the prosecutor during criminal proceedings in 2003 after which Carpenter was convicted of aggravated assault. We affirm the trial court's summary judgment in favor of appellee.

Carpenter, a pro se plaintiff incarcerated in the Texas Department of Criminal Justice, filed a "due course of law complaint" on October 10, 2011, against State District Judge Gary Steel and then-Assistant District Attorney Wesley Mau,[1] alleging that the defendants violated his constitutional rights during his criminal prosecution by failing to comply with the trial court's pretrial discovery order requiring the State to provide any exculpatory evidence and criminal-history

---

[1] We note that until now the appellee has been incorrectly identified in this Court's records and the parties' filings as the "State of Texas."

information to the defense at least 20 days before trial.  Carpenter dismissed Steel from the lawsuit, and the Assistant District Attorney filed a motion for summary judgment, asserting his entitlement to judgment as a matter of law on various grounds: statute of limitations, sovereign immunity, and res judicata.  After a hearing in which Carpenter participated via teleconference, the trial court granted appellee's motion without specifying the basis therefor.

Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law.  *See* Tex. R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).  When reviewing an order on a motion for summary judgment, we indulge every reasonable inference in favor of the nonmovant and take all evidence favorable to the nonmovant as true.  *KPMG Peat Marwick*, 988 S.W.2d at 748.  Because the propriety of a summary judgment is a question of law, we review the trial court's decision de novo.  *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense.  *KPMG Peat Marwick*, 988 S.W.2d at 748.  Thus, the defendant must (1) conclusively prove when the cause of action accrued and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised.  *Id.*  If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary-judgment proof raising a fact issue in avoidance of the statute of limitations.  *Id.*

The parties agree that the relevant limitations period for this case is four years after the day the cause of action accrued.  *See* Tex. Civ. Prac. & Rem. Code § 16.051.  A cause of action accrues when a wrongful act causes an injury.  *See Childs v. Haussecker*, 974 S.W.2d 31, 36-37

(Tex. 1998). The running of limitations may be "tolled" by specified events or circumstances—for example, the plaintiff's minority or unsound mind. *See* Tex. Civ. Prac. & Rem. Code § 16.001. Ordinarily, however, once the limitations period commences to run, nothing will stop it except an event provided for by statute. *Leonard v. Eskew*, 731 S.W.2d 124, 128 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (citing *Tyson v. Britton*, 6 Tex. 222 (1851)). Based on the alleged injury to Carpenter, the cause of action in this case would have accrued at the latest on the date of his criminal conviction, October 8, 2003. Absent an applicable tolling or other avoidance provision, a civil action alleging wrongs committed during Carpenter's trial would be barred since October 9, 2007. Carpenter filed this lawsuit October 6, 2011, well after the four-year limitations period had expired.

Carpenter has not raised or pleaded the application of the discovery rule. Rather, he argues that the pendency of his criminal appeal and two applications for writ of habeas corpus tolled the statute of limitations. *See Holmes v. Texas A&M Univ.*, 145 F.3d 681, 684 (5th Cir. 1998) ("Texas courts have held that as a general rule, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992))). "Texas permits the tolling of a statute of limitations only where a plaintiff's legal remedies are precluded by the pendency of other legal proceedings." *Holmes*, 145 F.3d at 685; *compare Weisz v. Spindletop Oil & Gas Co.*, 664 S.W.2d 423, 425 (Tex. App.—Corpus Christi 1983, no writ) (suit for recission of oil and gas leases was not tolled by suit filed by State alleging leases' violations of Securities Act and appointment of receiver in connection therewith), *with Walker v. Hanes*, 570 S.W.2d 534, 540 (Tex. Civ. App.—Corpus Christi 1978, writ

3

ref'd n.r.e.) (limitations tolled for suit seeking to probate will while probate of earlier will of same decedent was being appealed), *and Cavitt v. Amsler*, 242 S.W. 246, 249 (Tex. Civ. App.—Austin 1922, writ dism'd) (op. on reh'g) (limitations on suit for dividends tolled while suit to determine ownership of stock was being appealed).

Carpenter has not cited any summary-judgment evidence or legal authority supporting his argument that he was prevented at any time from pursuing his civil due-course-of-law claim because of the pendency of his criminal appeal and writs. *See White v. Cole*, 880 S.W.2d 292, 295-96 (Tex. App.—Beaumont 1994, writ denied) (appellant's pending appeal of criminal conviction did not entitle him to limitations tolling on federal civil-rights claim). However, even if the periods during which his criminal appeal and writs of habeas corpus were pending could have served to suspend the limitations period, the sum of the periods between those proceedings and during which he did not have any pending matters related to his criminal trial totaled more than four years. Accordingly, the present suit is barred by the statute of limitations, and appellee met his burden on this affirmative defense.

## CONCLUSION

Because appellee was entitled to summary judgment on his limitations defense, we hold that the trial court did not err in granting the judgment, and we need not address Carpenter's remaining issues challenging the other grounds asserted in appellee's motion. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003) (when trial court's order does not specify grounds for its summary judgment, we must affirm if any theory presented to it and preserved for

appellate review is meritorious); *see also* Tex. R. App. P. 47.1.  Accordingly, we affirm the trial court's summary judgment.

_____

David Puryear, Justice

Before Chief Justice Rose, Justices Puryear and Pemberton

Affirmed

Filed:   April 28, 2015